*1346 OPINION.
Trussell:
This appeal may be disposed of upon the one issue that the liabilities in question are now, by lapse of time, barred from assessment.
The deficiency notices here involved were mailed after the enactment of the Revenue Act of 1926 and assessment and collection are *1347 controlled by the provisions of that Act as amended by the Revenue Act of 1928. Respondent has proposed assessment, under section 316 of the Revenue Act of 1926, of a deficiency in estate tax of the estate of Stephen Townsend, deceased, against petitioners as a liability of each as distributees of the estate.
The estate tax under the Revenue Act of 1918, in effect at the time of the death of Stephen Townsend, was due and payable one year after decedent’s death, that is, on July 20, 1921.
Section 1109 of the Revenue Act of 1926 requires that all Revenue taxes be assessed within four years of the date when due, with certain exceptions. The record shows none of the conditions existing which would bring th,is case within the exceptions provided and accordingly the time for assessment of a deficiency against the executor of the estate expired on July 20, 1925. Fred S. Price, 10 B. T. A. 1166.
Section 316 of the Revenue Act of 1926 provides a period of limitation for assessment of the liability of a distributee of one year after the expiration of the period for assessment against the executor, unless such an assessment has been made within the period allowed therefor, in which case the liability may be assessed within six years from the date of such assessment against the executor. The Revenue Act of 1928 makes no change in the provisions of the Act of 1926 applicable to the case presented by this appeal.
In this case there is no assessment made within the period of four years from the date when the estate tax became due. The former assessment of the amount later refunded by respondent can not be considered, as such assessment was paid in full by the executor and was also later specifically determined by repondent, in making the refund, to have been erroneous. We had before us in Carney Coal Co., 10 B. T. A. 1397, the question of whether an assessment made and later abated as erroneous by the Commissioner was revived by a subsequent determination by him that the abatement was in error and the original assessment correct, and held that the assessment was not revived by such action. In the present case we have the original assessment fully satisfied by payment and then determined to have been erroneous by the allowance of a claim for refund of the payment made. We hold that the former assessment is not now revived by the present action of the Commissioner in determining a deficiency, based upon the conclusion that the claim for refund was erroneously made.
We accordingly conclude that there is no existing assessment against the executor and the period of limitation for assessment of any liabilities of petitioners as distributees of the estate of Stephen Townsend expired on July 20, 1926, one year after the expiration of *1348 the four-year period beginning • July 20, 1921. The deficiencies here involved, having been determined and advised of on August 19, 1926, are barred from assessment.
The question of whether the liabilities herein determined by respondent are subject to assessment under the Revenue Act of 1926, as amended by the Revenue Act of 1928, is the sole question here decided.
Judgment of no deficiency will be entered,